CURTIS D. PARVIN (BAR NO.116079)
curtis.parvin@sdma.com
JEMMA E. ERIKSEN (BAR NO.258454)
jemma.eriksen@sdma.com
SEDGWICK, DETERT, MORAN & ARNOLD LLP
3 Park Plaza, 17th Floor
Irvine, CA 92614-8540
Telephone: 949.852.8200
Facsimile: 949.852.8282

Attorneys for Defendants
McKINLEY CORONA, LLC, and CP6MC, LLC

Closed

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SANDI RUSH,<br><br>Plaintiff,<br><br>v.<br><br>McKINLEY CORONA, LLC; CP6MC, LLC; JOHN K. COLWELL, MD, TRUSTEE on BEHALF OF 1998 JOHN K. COLWELL, MD REVOCABLE TRUST; ERSEPKE 280 MCKINLEY, LLC; STANLEY A. NIELSEN, TRUSTEE of the STANLEY A. NIELSEN and ELEANOR C. NIELSEN REVOCABLE TRUST DATED JULY 7, 2005; ELEANOR C. NIELSEN, TRUSTEE of the STANLEY A. NIELSEN and ELEANOR C. NIELSEN REVOCABLE TRUST DATED JULY 7, 2005; JOHN C. ADAMS; LAFAYETTE HIGHLANDS APARTMENTS, LLC; CENTRE POINTE INVESTORS, LLC; THE COURTYARD INVESTORS, LLC; FRANK P. NICOLETTI, TRUSTEE of the NICOLETTI TRUST DTD 1/12/89; DONNA L. NICOLETTI, TRUSTEE of the NICOLETTI TRUST DTD 1/12/89; TOWNSEND STREET PROPERTY, LLC; JEROME E. ROBERTSON, TRUSTEE of the JEROME E. AND JOANNE ROBERTSON | Case No. CV 10-09104 JFW(AJWx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW; JUDGMENT**<br><br>Judge    John F. Walter |

OC/478222v1

1

FINDINGS OF FACT AND CONCLUSIONS OF LAW; JUDGMENT

| | |
|---|---|
| 1 | REVOCABLE LIVING TRUST; E. WILLIAM DUERKSEN; |
| 2 | CHARLOTTE M. DUERKSEN; ELLIS F. PIZZAI, TRUSTEE of the |
| 3 | PIZZI FAMILY TRUST; SUSAN L. PIZZI, TRUSTEE of the PIZZI |
| 4 | FAMILY TRUST; BLUE OAK PROPERTIES, INC.; ERNEST L. |
| 5 | HAWKS, TRUSTEE of the HAWKS FAMILY TRUST DATED |
| 6 | OCTOBER 7, 1996 LORAINE F. HAWKS, TRUSTEE of the HAWKS |
| 7 | FAMILY TRUST DATED OCTOBER 7, 1996; PATRICIA J. |
| 8 | RAHN; RPM MCKINLEY, LLC; VINCE MURDICA; AMY |
| 9 | MURDICA; SOPHIA O. KIM, TRUSTEE of the KIM FAMILY |
| 10 | TRUST DATED 12/22/93; SEUNG K. KIM, TRUSTEE of the KIM FAMILY |
| 11 | TRUST DATED 12/22/93, |
| 12 | Defendants. |

## **FINDINGS OF FACT**

1. Plaintiff has filed the above-captioned lawsuit, captioned *Rush v. McKinley Corona, LLC, et al.*, Case No. CV 10-09104 JFW(AJWx), in the United States District Court for the Central District of California (the "Action"), alleging that certain aspects of McKinley Crossroads, 275-280 Teller Street, 284 Dupont Street, Corona, California 92879 (the "Shopping Center"), owned and/or operated by Defendants, violates the accessibility requirements of Title III of the Americans With Disabilities Act ("ADA"), and applicable California state laws and regulations.

2. McKinley Corona, LLC, and CP6MC, LLC, (hereinafter, collectively, "McKinley") the current owners of the Shopping Center, answered the complaint and asserted various affirmative defenses.

3. The Shopping Center was constructed in or about 1990, prior to the effective date of the ADA.

4. McKinley did not build or develop the Shopping Center, and in fact did not acquire the Shopping Center until 2005.

5. McKinley has not been involved in any significant alterations or modifications of the Shopping Center (i.e, those areas other than the interiors of the buildings) which were not compliant with all applicable building codes regarding disabled access at the time of construction.

6. McKinley has voluntarily agreed to effectuate the following alterations at the Shopping Center:

    a) Remove and replace the tow away signage with compliant signs that are a minimum 22" high and 17" wide, with a minimum 1" lettering height which states, "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at _____ or by telephoning _____."

    b) Ensure that all disabled parking spaces and access aisles are lined to a depth of at least 18' and a width of 9'.

    c) Ensure that all disabled parking spaces have compliant street surface logo signage.

    d) Install logo signs in front of regular disabled spaces, and the logo and van accessible signs in front of van accessible disabled spaces, where such signs are missing. (One affected stall.)

    e) Move any signage which is not centered on a disabled parking space to the center of the space. (One affected stall.)

    f) Ensure that all access aisles next to single disabled parking stalls are at least 5' wide and contain the verbiage "No Parking" painted on the parking surface where it can easily be seen by law enforcement vehicles (i.e., at the edge of the aisle closest to vehicle traffic). In addition, ensure that all access aisles next to van accessible disabled parking stalls are at least 8' wide and

contain the verbiage "No Parking" where it can easily be seen by law enforcement vehicles.

g) Ensure that all disabled parking spaces and accessible aisles have slopes and cross slopes that do not exceed 2.0%.

h) Replace all non-complaint parking signage within ninety (90) days of entry of judgment.

7. McKinley has already retained an expert consultant to address the issues complained of, has obtained plans and specifications for amelioration of the issues and had promulgated the same for bids, all before Plaintiff served her Complaint on them.

8. There is significant cost involved in implementing the aforementioned conditions immediately, some of the aforementioned conditions have already been resolved, and many of the aforementioned conditions can be corrected during normal resurfacing of the parking lot at the Shopping Center and, in fact, such normal resurfacing would obliterate any painting work that could be done immediately.

9. The remaining named defendants, including, John K. Colwell, MD, Trustee on behalf of 1998 John K. Colwell, MD Revocable Trust; Ersepke 280 McKinley, LLC; Stanley A. Nielsen, Trustee of the Stanley A. Nielsen and Eleanor C. Nielsen Revocable Trust dated July 7, 2005; Eleanor C. Nielsen, Trustee of the Stanley A. Nielsen and Eleanor C. Nielsen Revocable Trust dated July 7, 2005; John C. Adams; Lafayette Highlands Apartments, LLC; Centre Pointe Investors, LLC; The Courtyard Investors, LLC; Frank P. Nicoletti, Trustee of the Nicoletti Trust dtd 1/12/89; Donna L. Nicoletti, Trustee of the Nicoletti Trust dtd 1/12/89; Townsend Street Property, LLC; Jerome E. Robertson, Trustee of the Jerome E. and Joanne Robertson Revocable Living Trust; E. William Duerksen; Charlotte M. Duerksen; Ellis F. Pizzai, Trustee of the Pizzi Family Trust; Susan L. Pizzi,

Trustee of the Pizzi Family Trust; Blue Oak Properties, Inc.; Ernest L. Hawks, Trustee of the Hawks Family Trust dated October 7, 1996, Loraine F. Hawks, Trustee of the Hawks Family Trust dated October 7, 1996; Patricia J. Rahn; RPM McKinley, LLC; Vince Murdica; Amy Murdica; Sophia O. Kim, Trustee of the Kim Family Trust dated 12/22/93; Seung K. Kim, Trustee of the Kim Family trust dated 12/22/93 shall be dismissed, with prejudice. Each party will bear their own costs.

## CONCLUSIONS OF LAW

10. The ADA is designed to protect against discrimination against the disabled, and to ensure reasonable access to public accommodations. A shopping center is a public accommodation. 42 U.S.C. § 12181(7)(E).

11. The ADA does not allow for recovery of damages. Only injunctive relief is available. 42 U.S.C. § 12188; *A.R. v. Kogan*, 964 F.Supp. 269 (N.D. Ill. 1997); *Cole v. NCAA*, 120 F.Supp.2d 1060 (N.D. Ga. 2000).

12. The ADA was implemented in 1990. It is not retroactive, and applies only to construction initiated after its effective date. It also applies to alterations in the premises that affect or could affect usability of the facility. If such alterations are made, they must include making reasonable accommodations for the disabled. 42 U.S.C. § 12183.

13. The sought "reasonable access" must be "readily achievable." Readily achievable is defined in the statute as "easily accomplishable and to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

14. Plaintiff's California statutory action is brought under the Unruh Civil Rights Act (Civ. Code §§ 51, et seq.) ("Unruh Act") and the Disabled Persons Act (Civil Code §§ 53 et seq.). Civil Code § 54 specifically provides that disabled persons are entitled to "full and equal access" to all public facilities. Like the ADA, a shopping center is covered by the California statutes since it is a business open to the public. In Re Cox, 3 Cal.3d 205 (1970). "Full and equal access" under

state law is the same as under the regulations promulgated by the ADA, and also incorporates any state regulations that prescribe higher standards. Civ. Code § 54.1.

15. Under applicable state law, all construction or alteration of private facilities for public use must be designed to facilitate their use by the disabled. See California Health & Saf. Code §§ 19955, et seq.. See also, California Civ. Code § 52(g). While the statute was enacted in 1969 (well before the ADA), the regulations relating thereto have varied over the years. It appears that the shopping center, as built in 1988, was compliant with then existing regulations and codes. Therefore, the obligation to provide required access and related disabled persons accommodations is limited to new construction and repair or alteration of existing facilities, but with respect to the latter the upgrades are required only for the repaired or altered area. People ex rel. Deukmejian v. CHE, Inc., 150 Cal.App.3d 123 (1983); Marsh v. Edwards Theatres Circuit, Inc., 64 Cal.App.3d 881 (1976). The code also requires that shopping centers comply with the regulations promulgated by the State Architect pursuant to Government Code § 4450. Health & Saf. Code § 19955.5. However, there is no continuing duty to update facilities. Rather, the regulations in effect at the time of construction or alteration govern the evaluation of whether the facility is in compliance. Gov't Code § 4451(c).

16. Accordingly, the Court finds that:

    a. The Shopping Center was compliant with disabled access requirements at the time of its construction in 1990.

    b. The repairs offered to be done voluntarily by McKinley fully ameliorate any and all disabled access compliance requirements necessitated by alterations of the common areas of the Shopping Center (i.e., not including the interiors of the buildings).

OC/478222v1

6
FINDINGS OF FACT AND CONCLUSIONS OF LAW; JUDGMENT

c. Given that the parking lot is scheduled to be resurfaced no later than the end of 2012, it would be a substantial and unreasonable expense for McKinley to implement any repairs of the parking lot before that time, since any work done in the interim would simply be obliterated by the planned resurfacing.

## **JUDGMENT**

Judgment is hereby entered in favor of plaintiff and against McKinley Corona LLC and CP6MC LLC. The remaining defendants are dismissed with prejudice.

McKinley shall complete the repairs set forth in Paragraph 6, above, no later than December 31, 2012. McKlinley shall replace all non-complaint parking signage within ninety (90) days of entry of this judgment. Each party shall bear their own attorneys' fees and costs, except to the extent they have agreed otherwise by formal written agreement. No statutory penalties are assessed per stipulation of the parties.

DATED: January 31, 2011

/s/
_____
Hon. John F. Walter
Judge of the United States District Court
Central District of California